Filed 3/1/16  Luis G. v. Superior Court CA2/4

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LUIS G.,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Real Party in Interest. | B267687<br><br>(Los Angeles County<br>Super. Ct. No. CK66625) |

ORIGINAL PROCEEDINGS in mandate.  Terry T. Truong, Commissioner.  Petition granted.

Law Offices of Alex Iglesias, Steven Shenfeld, and Donna Bernstein, for Petitioner.

No appearance for Respondent.

Mary C. Wickham, County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel for Real Party in Interest.

_____

Luis G. (father) seeks writ review of an order of the juvenile court denying him reunification services. Father argues that the decision to bypass reunification services pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(10) and (11), was made in error.[1] We grant the writ petition and direct the juvenile court to vacate the portion of its October 16, 2015 disposition order denying reunification services to father, strike the allegation in count (b)(2) that was incorrectly attributed to father, and conduct a new hearing to determine the appropriate family reunification services to be provided to father.

**FACTUAL AND PROCEDURAL SUMMARY**

Father and Paulina A. (mother) are the biological parents of Katherine (born in 2011) and Alessandro (born in 2014). In August 2015, the Department of Children and Family Services (DCFS) responded to a report that mother was homeless and staying at a motel with Katherine and Alessandro. The rented room had a strong chemical smell, and the children appeared unkempt. The children were removed, and a section 300 petition, based on allegations of domestic violence and drug abuse, was filed on their behalf. Father was incarcerated at the time of the removal and had been so since November 2014.

The petition included four counts. Count (a)(1) alleged that mother and father had a history of engaging in violent altercations in the children's presence and mother had failed to protect the children because she allowed father to reside in the home and have unlimited access to them.[2] Count (b)(1) alleged that mother had a history of illicit drug use, is a current abuser of methamphetamine and amphetamine, and her substance abuse endangers the children's physical health and safety. Count (b)(2) alleged that father had a history of engaging in violent altercations in the children's presence—he had burned mother's body with cigarettes, choked her, and struck her with his fists, and he was arrested for domestic violence in November 2014. It also alleged that Katherine and

---

[1] Subsequent statutory references are to the Welfare and Institutions Code.

[2] Mother is not a party to this writ petition.

2

Alessandro's siblings, G.A., A.P., and F.P., are former dependents of the court due to domestic violence between mother and her former male companion, father.[3] Count (b)(3) alleged that father had a history of illicit drug use, including methamphetamine, rendering him incapable of providing regular care of the children.

At the October 13, 2015 disposition hearing, the court dismissed counts (a)(1) and (b)(3), finding the evidence was insufficient to support the allegations. The court made minor amendments to counts (b)(1) and (b)(2) and sustained the petition as amended. The disposition regarding reunification services was continued to October 16, 2015.

On October 16, 2015, the court took judicial notice of the previously sustained petitions against mother and father. In 2007, a petition regarding children G.A., A.P., and F.P., was filed against mother and F. P.-M. It was sustained on grounds of domestic violence between mother and F.P.-M. Both parents failed to reunify and their parental rights were terminated. In 2009, mother and father had a dependency case regarding their child F.G. He was removed because he tested positive for methamphetamine and amphetamine at birth and because of mother and father's individual drug use. Reunification services involved drug-related programs and services. Father and mother failed to reunify and their parental rights were terminated.

At the October 16, 2015 hearing, the department recommended, pursuant to section 361.5, subdivision (b)(10) and (11), that the court not provide reunification services to either parent. Father's attorney argued that section 361.5, subdivision (b)(10) and (11) were not applicable because F.G. was removed and father's parental rights terminated on substance abuse grounds, whereas this petition is based on father's domestic violence (the substance abuse count against father was dismissed). Father's attorney also explained that count (b)(2) mistakenly identified father as involved in mother's 2007 petition, when F.P.-M was the father on that petition.

The court found by clear and convincing evidence that father was a parent as described by section 361.5, subdivision (b)(10) and (11) and ordered that father not be

---

[3] On appeal, DCFS concedes count (b)(2) erroneously named Luis G., rather than F.P.-M., as the father of G.A., A.P., and F.P.

provided with reunification services. The court explained that at the time of the 2009 petition, father was ordered to complete a parenting program, individual counseling, drug counseling and testing; reunification services were terminated after he failed to comply with the court-ordered case plan; and subsequently father's parental rights over F.G. were terminated. The court found no indication that father had made an effort, from the date his rights were terminated to the present, to treat the problems that led to F.G.'s removal.

This writ petition followed.

## DISCUSSION

Section 361.5 allows a court to bypass reunification services when the court finds, by clear and convincing evidence, that the parent had failed to reunify or that the parent's parental rights to any siblings or half-siblings of the child had been terminated, and the parent had "not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child." (§ 361.5, subd. (b)(10) & (11).) We review an order denying reunification services under section 361.5, subdivision (b) for substantial evidence. (*Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 600.)

Father argues that there is insufficient evidence to support the court's order denying him reunification services because the problems that led to the removal of F.G. in 2009 were not the same problems that led to the removal of Katherine and Alessandro. Father also argues that the allegation in count (b)(2) describing him as the father on the 2007 petition is not supported by the record and thus that allegation cannot be sustained.

DCFS concedes that the discussion of the 2007 domestic violence allegation in count (b)(2) was inaccurately attributed to father and needs to be corrected. DCFS also stipulates that it "does not oppose the matter being remanded for the juvenile court to hold a new disposition hearing for the limited purpose of reconsidering the issue of reunification services for the father given the juvenile court's earlier misapplication of section 361.5, subdivisions (b)(10) and (11)." We accept DCFS' concession.

The court based its application of section 361.5, subdivision (b)(10) and (11) on father's 2009 petition regarding child F.G. However, the 2009 petition involved

4

allegations of substance abuse and father was ordered to complete drug counseling and tests, whereas this petition was sustained, as to father, solely on an allegation of domestic violence. Because the reasons for F.G.'s removal were different than the reasons for Katherine and Alessandro's removal, substantial evidence does not support a finding that father has not made a reasonable effort to treat his problems (substance abuse) that led to F.G.'s removal. (See *In re D.H.* (2014) 230 Cal.App.4th 807, 816-817 [denial of reunification services pursuant to § 351.5, subd. (b)(10) & (11) not supported where reasons for removal of half siblings differed from reasons for removal of current children]; *In re Albert T.* (2006) 144 Cal.App.4th 207, 220-221["reasonable-efforts-to-treat" clause of § 361.5, subd. (b)(10) did not apply because reasons for removal of siblings and current child were different].)

## DISPOSITION

Let a peremptory writ of mandate issue, directing the juvenile court to vacate the portion of its October 16, 2015 disposition order denying reunification services to father, strike the allegation in count (b)(2) that was incorrectly attributed to father, and conduct a new hearing to determine the appropriate family reunification services to be provided to father.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

MANELLA, J.                                    COLLINS, J.

5